IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,812-01, WR-66,812-02, WR-66,812-03






EX PARTE VICTOR ERNESTO CABALLERO, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W02-49134-I(A); W02-01705-I(A); W02-49133-I(A) IN CRIMINAL
DISTRICT COURT NO. 2 FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and one count of aggravated kidnaping and sentenced to twenty (20) years'
imprisonment for the aggravated assault counts and (25) years' imprisonment for the aggravated
kidnaping count. The Fifth Court of Appeals affirmed his convictions. See Caballero v. State, Nos
05-03-00458-CR through 05-03-00460-CR (Tex. App. - Dallas, 2004, pet. ref.)

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because he
failed to inform him of a plea bargain offer of five years' imprisonment. In support of his claim,
Applicant attached a copy of a plea bargain form which shows he was offered five years'
imprisonment. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be denied. However, it is not clear from the record if the State actually offered Applicant five years'
imprisonment and if said offer was conveyed to Applicant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order Assistant
District Attorney Angela Adkins to file an affidavit explaining whether she signed a plea bargain form
in Applicant's case, and whether she offered Applicant five years' imprisonment. The trial court shall
also order trial counsel Matthew Toback to file a supplemental affidavit identifying the attorney who
signed the plea bargain form and explaining whether said attorney advised Applicant of the offer of
five years' imprisonment. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to how the plea bargain form ended up in the
court's file. The trial court shall also make findings of fact as to whether the Dallas County District
Attorney's office made an offer of five years' imprisonment in Applicant's case. The trial court shall
also make findings of fact as to whether the attorney who signed the plea bargain form advised
Applicant of the offer of five years' imprisonment. The trial court shall also make findings of fact as
to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 4, 2007

Do not publish